UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUGAR BAY CLUB & RESORT CORP. | CIVIL ACTION |
| VERSUS | NO: 23-5480 |
| AGENCY PROJECT MANAGEMENT, LLC, ET AL. | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 4)** filed by Defendant CRSC, LLC and opposition thereto filed by Plaintiff Sugar Bay Club & Resort Corporation ("Sugar Bay") (Rec. Doc. 7). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

The above-captioned matter arises out of a contract dispute between sub-contractors involved in the cleanup after Hurricanes Maria and Irma hit the U.S. Virgin Islands in 2017. Relevant to this motion, Plaintiff Sugar Bay Club & Resort Corporation ("Sugar Bay") is a judgment creditor of Agency Project Management, LLC ("APM"), which is now insolvent. APM is allegedly owed $369,949.00 by CRSC, LLC ("CRSC") as successor in interest to Citadel Recovery Services, LLC. Sugar Bay filed the instant suit seeking to recover these damages on behalf of APM.

1

CRSC removed this action to this Court on September 22, 2023 and, on October 12, 2023, filed the instant motion to remand the action back to the 22nd Judicial District Court for the Parish of St. Tammany. Defendant desires to remand this action claiming that removal was a good-faith mistake as CRSC is a citizen of Louisiana and removal therefore violates the forum defendant rule. Plaintiff Sugar Bay opposes remand, arguing that the forum defendant rule is merely a procedural issue and does not deprive this Court of subject matter jurisdiction. Plaintiff further argues that Defendant's removal of this action was not a mistake and was instead intentional gamesmanship to avoid a deposition set for September 25, 2023, the next business day after removal occurred.

## LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Completely diversity of citizenship exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person who is a citizen of the United States and domiciled in a state is a citizen of that state. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). For purposes of diversity jurisdiction, a corporation is a citizen of (1) its state of incorporation and (2) the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). The citizenship of limited liability companies, limited partnerships, and other unincorporated associations or entities is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

In addition to complete diversity, § 1332(a) requires that the amount in controversy exceed $75,000. When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). If the removing carries this burden, the plaintiff can defeat diversity jurisdiction "only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Id.* at 869.

## DISCUSSION

The motion before the Court presents the reverse of a typical motion for remand. Defendant CRSC seeks to have this action remanded to the 22nd Judicial District Court for the Parish of St. Tammany while Plaintiff, who initially filed this matter in state court, now opposes remand. CRSC contends that they mistakenly

believed removal was appropriate because there was complete diversity between the parties. CRSC, a limited liability company whose members are all citizens of Louisiana, states that it only later learned removal was improper under 28 U.S.C. § 1441 (b)(2) which provides that, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removable if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Plaintiff does not dispute that removal was objectively unreasonable because CRSC is a forum defendant. Indeed, Plaintiff contends that CRSC's removal "violated no less than four procedural requirements" including the forum defendant rule.[1] (Rec. Doc. 7, at 5). However, Plaintiff argues that CRSC consented to accept the jurisdiction of this Court by removing this action. In support of its argument, Plaintiff cites *In re Moore*, 209 U.S. 490 (1908). In this case, the Supreme Court considered a situation in which a defendant incorrectly removed a suit due to a procedural defect, but when the plaintiff later sought remand, the district court denied the motion because both parties had consented to the jurisdiction of the district court. The plaintiff consented by filing an amended petition after removal but before filing his motion to remand. The defendant consented by filing its petition for removal. Of removal, the court stated, "no clearer expression of its

---

[1] Plaintiff asserts that the other three procedural violations are: "(1) APM [another defendant] was joined and served, but it did not consent to removal. 28 U.S.C. § 1446(b)(2)(A). (2) CRSC did not remove within 30 days of its service of process of the Petition. 28 U.S.C. § 1446(b)(1). (3) The action was commenced more than a year ago. 28 U.S.C. § 1446(c)(1)." (Rec. Doc. 7, at 5 fn. 3). Despite pointing out these violations, Plaintiff opposes remand. Defendant's motion for remand also does not mention these other three defects and relies solely on the forum defendant rule.

4

acceptance of the jurisdiction of the latter court could be had." *Id.* at 496. In this case, Plaintiff argues that CRSC has waived its right to seek remand despite the existence of procedural defects "because of its own procedural miscue." (Rec. Doc. 7, at 4). Plaintiff also argues that CRSC should not be able to now ask for remand after it successfully avoided a deposition scheduled for the next business day after removal occurred. *Id.* at 4. Plaintiff argues that this action "smacks of improper gamesmanship and forum shopping" and should not be allowed." *Id.* at 5.

The Fifth Circuit, as well as a majority of its sister circuits, has determined that the forum defendant rule is a procedural rule and not a substantive one that affects a district court's subject matter jurisdiction. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 393-394 (5th Cir. 2009). *See also* Sara Deskins & Kathryn Isted, *A Waivable Defect? Current Application of the Forum Defendant Rule*, 54 No. 11 DRI FOR DEF. 50 (2012). Therefore, this defect is waivable. *Id.* at 393. Additionally, the forum defendant rule is aimed at protecting plaintiffs' interests, not defendants'. The basic rationale behind diversity jurisdiction is to "[open] the federal courts' doors to those who might otherwise suffer from local prejudice." *Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010). A defendant who is a citizen of the forum state bears little to no risk of local prejudice and therefore has no need to avail himself or itself of the protection of the federal court. The forum defendant rule works "to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 380 (7th Cir. 2000).

Therefore, as the Eighth Circuit found, the forum defendant rule is a privilege granted to the plaintiff rather than the defendant. *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1055 (8th Cir. 2020). It stands to reason, then, that the decision to waive this privilege rests with the plaintiff rather than the defendant.

In this case, Plaintiff has chosen to affirmatively waive enforcement of the forum defendant rule. (Rec. Doc. 7, at 5). Defendant, too, has waived its right to remand. By removing the action to this Court, Defendant consented to proceeding in this forum, and there can be "no clearer expression of its acceptance" than removal. *In re Moore*, 209 U.S. at 496. To allow otherwise would be to violate the purpose of both the forum defendant rule and diversity jurisdiction itself. Both rules are intended to protect out-of-state litigants from any potential prejudice they might face in state court. Defendant, an LLC whose members are Louisiana citizens, faces no such potential prejudice.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' *Motion to Remand* (Rec. Doc. 4) is **DENIED**

New Orleans, Louisiana, this 28th day of November, 2023

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE