UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUGAR BAY CLUB & RESORT CORP. | CIVIL ACTION |
| VERSUS | NO: 23-5480 |
| AGENCY PROJECT MANAGEMENT, LLC ET AL. | SECTION: "J"(5) |

## ORDER AND REASONS

Before the Court is Intervenor Green Earth Engineering Services, Corporation's *Motion for Reconsideration* **(Rec. Doc. 48)**, which Plaintiff Sugar Bay Club and Resort Corp. joins in support (Rec. Doc. 49). Defendant CRSC, LLC has filed an opposition (Rec. Doc. 50). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Intervenor Green Earth Engineering Services, Corporation's motion should be **GRANTED IN PART**.

## FACTS AND PROCEDURAL BACKGROUND

As previously detailed, this matter arises from a dispute between subcontractors involved in the cleanup after Hurricanes Maria and Irma hit the U.S. Virgin Islands in 2017. Prime contractor AECOM Caribe, LLP was hired using funds from the Federal Emergency Management Agency ("FEMA"). Below AECOM were three layers of subcontractors. AECOM entered into a subcontract with Defendant CRSC, LLC, which in turn entered into a subcontract with Defendant Agency Project Management ("APM"). Finally, APM entered into subcontracts with Plaintiff Sugar

1

Bay Club & Resort Corporation and Intervenor Green Earth Engineer Services Corp. ("GEES").

Difficulties, however, arose at the third contractual layer. APM allegedly became insolvent at some point after entering into these agreements. Sugar Bay is now a judgment creditor of APM, and GEES is the assignee of APM's accounts receivable.

Upon receipt of funds from AECOM, and in light of the multiple claimants owed payment by APM, CRSC began a separate interpleader action in Section B of this Court. *See CRSC, LLC v. Blue Elephant Financing, LLC, et al.*, No. 22-1315 (E.D. La.). CRSC received $1,607,272.83 from AECOM owed to APM, but only deposited $1,366,181,91 of those funds into the registry of the Court for disbursal. CRSC retained the remaining $241,090.92.

In this action, Sugar Bay and CRSC filed cross-motions for summary judgment. Sugar Bay argued CRSC illegally retained funds that should have been disbursed due to the "pay when paid" contract between APM and CRSC. CRSC countered that it is entitled to withhold these funds necessary for costs and attorney's fees and that Sugar Bay had not met the requirements of an oblique action. In denying Sugar Bay's motion and granting CRSC's, this Court determined that (1) the contract between APM and CRSC incorporated the terms of the Master Contract as a whole; (2) through the Master Contract, CRSC possessed rights that flowed to it from AECOM; and (3) CRSC thereby had the right to withhold retainage for attorney's fees and costs relating to litigation brought by APM's vendors and

subcontractors. The Court further dismissed Sugar Bay's oblique action and GEES's claims based on assignment of rights because CRSC is not currently indebted to APM.

GEES now requests reconsideration of that Order and Reasons because of an error of law, namely, that CRSC did not strictly follow the retainage requirements of the Master Contract. Sugar Bay joins the motion in support. In contrast, CRSC contends the motion is merely an attempt to relitigate issues previously before the Court and, thus, should be dismissed.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern Snow Manufacturing Co, Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or

arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478–79; *SnoWizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *SnoWizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

## **DISCUSSION**

For purposes of its reconsideration, GEES accepts the subcontract between CRSC and APM fully incorporates the terms of the Master Contract. On that basis, however, GEES asserts its error of law. GEES avers three errors in CRSC's retainage of funds: (1) its failure to provide timely notice of the reason for the fund's withholding; (2) its retainage of 15% of funds, rather than the contractually agreed-upon 5%; and (3) its retainage of funds more than sixty days after work completion without a pending warranty claim. Within its argument, however, GEES admits some of these points were previously briefed before the Court. (*See* Rec. Doc. 48-1 at 4–5 (discussing the notice requirement, "Plaintiff, Sugar Bay, raised this very issue in its reply")). Sugar Bay also previously alleged CRSC was withholding 15% of funds

4

it was obliged to pay to APM. (*See* Rec. Doc. 11 at 2–3 ¶ 20; Rec. Doc. 32 at 2; Rec. Doc. 41 at 4).

A previously unaddressed notice issue is presented here. In the previous resolution, this Court noted not merely the retainage language of the Master Contract, but also broader terms within the "Payment" section:

> The Master Contract between AECOM and CRSC does allow AECOM to withhold payment for numerous reasons including for "claims or liens chargeable to Subcontractor, . . . monies paid by AECOM on behalf of or for the benefit of Subcontractor, . . . and any costs or liability AECOM has incurred or may incur for which Subcontractor may be responsible under any other agreement between the parties."

(Rec. Doc. 46 at 8 (quoting Rec. Doc. 38-3 at 7 (Master Contract))). These terms, incorporated within the subcontract, are sufficient to justify CRSC's current withholding of funds due to ongoing costs incurred and pending final payment.

However, the Master Contract also required written notice for the withholding of payments, "specifying (i) the amount withheld; (ii) the basis for the withholding; and (iii) remedial actions to be taken by Subcontractor to receive payment of withheld amounts, have the right to withhold payment or assess backcharges, in whole or in part, otherwise due Subcontractor . . . ." (Rec. Doc. 38-3 at 7). Unlike the authorities cited by GEES, the Master Contract does not evidence any time limit for the presentation of this type of notice. *See Hartford Cas. Ins. Co. v. MDI Const., L.L.C.*, No. 10-4369, 2012 WL 4970210, at *1–2 (E.D. La. Oct. 17, 2012) (twenty-one days after the occurrence of the event); *Env't, Safety & Health Consulting Servs. v. Crest Energy Partners, L.P.*, No. 13-5747, 2015 WL 2452458, at *1 (E.D. La. May 21, 2015) (fifteen days after invoice date).

Nonetheless, another defined aspect of the notice demands scrutiny. Even without a firm deadline requirement for withholding notice, the Master Contract does specify what kinds of notice are acceptable:

> All notices to be given by either party to the other shall be in writing and shall be served by (i) personal delivery, (ii) a nationally recognized overnight courier, (iii) sent by fax or telecopy (provided proof of receipt is received by the sender), or (iv) by depositing such notice in the United States mail, certified, return receipt requested, postage prepaid, addressed and delivered to the party to receive the notice at the addresses set forth herein or at such other address as may be indicated by one party to the other party by written notice.

(Rec. Doc. 38-3 at 13). In its motion for summary judgment, CRSC has not supplied proof of the notice it sent to APM for the withholding of payment. As is clear from the definitional section, filings within this action cannot be so construed to supply notice. As the law between the parties, unambiguous contractual provisions must be complied with. *See* La. Civil Code Art. 2046.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that GEES's *Motion for Reconsideration* **(Rec. Doc. 48)** is **GRANTED IN PART**. Defendant CRSC shall file into the record proof of pre-litigation notice to APM, as specified in the Master Contract, **no later than October 11, 2024**. Failure to supply such notification proof will lead to the denial of CRSC's *Motion for Summary Judgment* (Rec. Doc. 39) and the grant of Sugar Bay's *Motion for Partial Summary Judgment* (Rec. Doc. 32) without further notice.

**IT IS FURTHER ORDERED** that GEES and Sugar Bay's *Motion for Pretrial Conference* **(Rec. Doc. 33)** is **DENIED without prejudice**.

New Orleans, Louisiana, this 26th day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE