UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUGAR BAY CLUB & RESORT CORP.

CIVIL ACTION

VERSUS

NO: 23-5480

AGENCY PROJECT MANAGEMENT, LLC ET AL.

SECTION: "J"(5)

## ORDER AND REASONS

Before the Court is a *Memorandum Regarding Proof of Pre-Litigation Notice Pursuant to Court Order at Rec Doc 52* **(Rec. Doc. 53)**, filed by Defendant CRSC, LLC in response to this Court's Order (Rec. Doc. 52) which granted in part Intervenor Green Earth Engineering Services, Corporation's ("GEES") *Motion for Reconsideration* (Rec. Doc. 48). Through its reconsideration request, GEES asserted Plaintiff Sugar Bay Club & Resort Corporation's *Motion for Partial Summary Judgment* **(Rec. Doc. 32)** should be granted, and CRSC's *Motion for Summary Judgment* **(Rec. Doc. 39)** denied. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that CRSC's *Motion for Summary Judgment* should be **DENIED**, and Sugar Bay's *Motion for Partial Summary Judgment* should be **GRANTED IN PART**.

## DISCUSSION

The Court's previous Order provided CRSC a deadline of October 11, 2024 to file into the record proof of pre-litigation notice to Agency Project Management ("APM") for the retainage of $241,090.92 owed to APM. The consequence for

1

insufficient proof was significant: "Failure to supply such notification proof will lead to the denial of CRSC's *Motion for Summary Judgment* (Rec. Doc. 39) and the grant of Sugar Bay's *Motion for Partial Summary Judgment* (Rec. Doc. 32) without further notice." (Rec. Doc. 52 at 6).

The Court previously concluded, based on the language of the pertinent contract, CRSC could retain funds owed to APM. However, the Master Contract also required written notice for the withholding of payments, "specifying (i) the amount withheld; (ii) the basis for the withholding; and (iii) remedial actions to be taken by Subcontractor to receive payment of withheld amounts, have the right to withhold payment or assess backcharges, in whole or in part, otherwise due Subcontractor . . . ." (Rec. Doc. 38-3 at 7).

In its attempt to supply proof of its notice to APM, CRSC marshals only two sufficient items. First, CRSC provides notice of $39,731.20 associated with satisfaction of a United States Department of Labor fine against APM for underpayment of employees. Second, CRSC avers that APM still owes it $25,000 on a $175,000 loan and that the parties agreed the amount would come from payments received by CRSC and owing to APM. (Rec. Doc. 53 at 4). Through the attached loan agreement, APM authorized CRSC "to appropriate and to apply to the payment of this Note . . . any and all monies now or hereafter in the hands of [CRSC] on deposit or otherwise to the credit of or belonging to [APM]." (Rec. Doc. 53-2 at 3). Thus, the Court finds $64,731.20 of the retained $241,090.92 was properly noticed.

However, its other proffered proof—including five affidavits from a CRSC

member and multiple employees—merely asserts "APM and CRSC had a good working relationship throughout the project[.]" (Rec. Doc. 53 at 4). Such a relationship does not justify the retainage of $176,359.72, in violation of clear contractual language. Although this Court previously found reasonable attorney's fees and costs could fall under the retainage umbrella, CRSC makes no showing that the outstanding figure corresponds with any amount incurred in the previous litigation, *CRSC, LLC v. Blue Elephant Financing, LLC, et al.*, No. 22-1315 (E.D. La.). Moreover, the previous litigation concluded with a grant of the parties' joint motion to dismiss, which CRSC joined and which specified parties would bear their own costs and attorney's fees. *Id.* at ECF No. 37 (E.D. La. April 7, 2023), ECF No. 40 (E.D. La. April 12, 2023). Finally, CRSC's unilateral retainage led to the instant litigation—a decision that cannot be used to justify amounts previously withheld.

In summary, CRSC fails to provide proof of notice for the retainage of $176,359.72 of the $241,090.92 withheld. "Failure to supply such notification proof will lead to the denial of CRSC's *Motion for Summary Judgment* (Rec. Doc. 39) and the grant of Sugar Bay's *Motion for Partial Summary Judgment* (Rec. Doc. 32) without further notice." (Rec. Doc. 52 at 6).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that CRSC's *Motion for Summary Judgment* **(Rec. Doc. 39)** is **DENIED**, and Sugar Bay's *Motion for Partial Summary Judgment* **(Rec. Doc. 32)** is **GRANTED IN PART.** There is no reasonable dispute as to any

material fact that CRSC, LLC is in breach of contract with Agency Project Management Inc. and that CRSC, LLC presently owes Agency Project Management Inc. the principal amount of $176,359.72. The Court enters partial judgment in favor of Sugar Bay Club & Resort Corp. as a matter of law.

New Orleans, Louisiana, this 31st day of October, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE