UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUGAR BAY CLUB & RESORT CORP. | CIVIL ACTION |
| VERSUS | NO: 23-5480 |
| AGENCY PROJECT MANAGEMENT, LLC ET AL. | SECTION: "J"(5) |

### ORDER AND REASONS

Before the Court are Defendant CRSC, LLC's *Motion for Clarification or Reconsideration* **(Rec. Doc. 57)**, and Plaintiff Sugar Bay Club and Resort Corp.'s opposition (Rec. Doc. 62). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

As previously detailed, this matter arises from a dispute between subcontractors. Prime contractor AECOM Caribe, LLP was hired for hurricane restoration work in the U.S. Virgin Islands by the Federal Emergency Management Agency ("FEMA"). Below AECOM were three layers of subcontractors. AECOM entered into a subcontract with Defendant CRSC, LLC, which in turn entered into a subcontract with Defendant Agency Project Management ("APM"). Finally, APM entered into subcontracts with Plaintiff Sugar Bay Club & Resort Corporation and Intervenor Green Earth Engineer Services Corp. ("GEES").

Issues arose on the APM-subcontract level. Upon receipt of funds from

1

AECOM, and in light of the multiple entities claiming payments owed them by APM, CRSC began a separate interpleader action in Section B of this Court. *See CRSC, LLC v. Blue Elephant Financing, LLC, et al.*, No. 22-1315 (E.D. La.). CRSC received $1,607,272.83 from AECOM owed to APM, but only deposited $1,366,181,91 of those funds into the registry of the Court for disbursal. CRSC retained the remaining $241,090.92.

Ultimately, the Court determined CRSC's act of retainage was at odds with contractual provisions. Specifically, CRSC provided no evidence of agreed-upon written notice to APM for the withholding of $176,359.72. (Rec. Docs. 52 and 56). As the Court stated, failure to supply notification proof would lead to the denial of CRSC's Motion for Summary Judgment (Rec. Doc. 39) and the grant of Sugar Bay's Motion for Partial Summary Judgment (Rec. Doc. 32). (Rec. Doc. 52).

CRSC now seeks clarification on the interplay between the Court's rulings or, in the alternative, reconsideration of its recent retainage rulings.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern Snow Manufacturing Co, Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary

remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478–79; *SnoWizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *SnoWizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

## DISCUSSION

CRSC makes two requests in its present motion: (1) for clarification that it has not been ordered to directly disburse funds to Sugar Bay and (2) for reconsideration of the grant of summary judgment as it pertains to the validity of Sugar Bay's oblique

action. In its now-granted motion, Sugar Bay moved with a limited purpose, as is clear in its prayer for relief:

> Plaintiff Sugar Bay Club & Resort Corp. prays its motion for partial summary judgment be granted; that the Court find there is no reasonable dispute as to any material fact that CRSC is in breach of the Contract with APM Inc. and presently owes APM Inc. the principal amount of $241,090.92; and that the Court find Sugar Bay is entitled to partial judgment as a matter of law.

(Rec. Doc. 32 at 5). When CRSC challenged Sugar Bay's preservation of the oblique action absent proof of APM's insolvency, Sugar Bay emphasized it was not asking the Court to summarily grant the oblique action as a matter of law, but merely that CRSC had breached its contract with APM. (Rec. Doc. 41 at 5–6 ("To be sure, Plaintiff bears the burden of proving its capacity to proceed *in oblique*, and Sugar Bay fully intends to do so at the appropriate juncture. But that juncture is not today.")). The Court's Orders and Reasons subject to this reconsideration motion neither ordered direct payment by CRSC to Sugar Bay nor weighed the possible merits or deficiencies of the oblique action. Put another way, the Court granted no more than Sugar Bay's partial request as to funds retained by CRSC without the required notice.

As partial impetus for its motion, CRSC states "Sugar Bay has attempted to collect from CRSC in the few weeks since the Court's Order." (Rec. Doc. 57-1 at 8). To make it crystalline, Sugar Bay cannot collect from CRSC at this time. In its response, moreover, Sugar Bay acknowledges it has no current right to collect from CRSC: "[C]larification isn't necessary because the Court never directed CRSC to disburse anything. Rather, consistent with Sugar Bay's partial motion for summary judgment and limited prayer for relief, the Order adjudicates a single issue—that CRSC

4

presently owes a debt to APM." (Rec. Doc. 62 at 3). Thus, CRSC fails to provide any ground for the extraordinary remedy of reconsideration.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CRSC, LLC's *Motion for Clarification or Reconsideration* **(Rec. Doc. 57)** is **DENIED**.

**IT IS FURTHER ORDERED** that, at the earliest possible date, parties shall schedule a settlement conference with the assigned Magistrate Judge in an attempt to resolve the remaining issues in this case.

New Orleans, Louisiana, this 8th day of January, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE